UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES THOMAS REED, :
:
Plaintiff, :
:
v. : CASE NO. 8:13-CV-234-T-17TGW
:
PETER A. BARONE, :
HIGHLANDS COUNTY, etc., :
and POLK COUNTY, etc., :
:
Defendants. :

---

### REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's complaint and request to proceed *in forma pauperis*. Because the complaint fails to state a claim upon which relief may be granted by this court, I recommend that the *in forma pauperis* request be denied and that the plaintiff's complaint (Doc. 1) be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to

redress. However, even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's complaint is a 23-page document that asserts sixteen causes of action, most of which allege civil rights violations in connection with the plaintiff's arrest for attending a dog fight and the seizure of 29 pit bills from the plaintiff's residence in Highlands County (Doc. 1). The complaint is a rambling narrative that fails to comply with Rule 8 of the Federal Rules of Civil Procedure, which directs that the complaint contain "a short and plain statement of the claim" and that each allegation "be simple, concise, and direct." Consequently, the complaint should be dismissed without prejudice.

Moreover, any further complaint should be filed in the Southern District of Florida, which includes Highlands County. Thus, the plaintiff, and three of the defendants, Highlands County, its Sheriff Susan Benton, and Peter Barone, an assistant state attorney in Highlands County (see Doc. 1, p. 1), reside in the Southern District of Florida. Further, the Southern District of Florida has the greatest nexus with the plaintiff's causes of action, since

the plaintiff was arrested in Highlands County, and the pit bulls were taken from his residence in Highlands County.

Notably, the only reason stated by the plaintiff for venue in the Middle District of Florida is that "the last known location of ... the dogs... was in Polk County" (Doc. 1, ¶4). However, the plaintiff states in his complaint that his attorney stipulated to possession of the dogs by Highlands County in March 2012 (id., ¶53; see also ¶57).

Moreover, the plaintiff has not alleged any plausible claim against Polk County, which is mentioned infrequently, or Sheriff Grady Judd, against whom no facts are alleged. The complaint merely alleges, as facts, that the dogs were examined by a detective and veterinarian from Polk County (see id., ¶56). There are no further facts alleged regarding their actions. Further, while the plaintiff makes conclusory allegations that Polk County participated in a conspiracy, such allegations are patently insufficient.

In short, the complaint alleges matters that took place almost entirely in the Southern District of Florida. There are no plausible allegations against Polk County or Sheriff Grady Judd. For these reasons, I recommend

that the *in forma pauperis* request be denied and that the complaint be dismissed.

                                   Respectfully submitted,

                                   THOMAS G. WILSON
                                   UNITED STATES MAGISTRATE JUDGE

DATED: FEBRUARY 8, 2013

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).